IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAURICE FASSETT,<br><br>        Plaintiff,<br><br>v.<br><br>RUSSELL M. NELSON, et al.,<br><br>        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>Case No. 2:21-cv-00085-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Maurice Fassett filed suit against Russell M. Nelson and The Church of Jesus Christ of Latter-Day Saints (collectively, Defendants), claiming they deprived him of his right to freedom of religion.  Fassett's Complaint contains accusations that range from church leaders failing to follow the Bible, establishing "anti-religions," and tearing his "housing down by going to war."[1]  Fassett requests relief in the form of the provision of flights to various countries to show "proof" and explain "the truth," a mansion, a living budget, and attorney fees.[2]

The undersigned referred the case to Magistrate Judge Cecilia Romero under 28 U.S.C. (b)(1)(B).[3]  On June 8, 2021, Judge Romero issued an Order granting Fassett's application to proceed *in forma pauperis* under 28 U.S.C. § 1915.[4]

In that same June 8 Order, Judge Romero included a Report and Recommendation (the Report) recommending that the undersigned dismiss Fassett's Complaint without prejudice as it

---

[1] Dkt. 7 (Complaint) at 7, 9.

[2] *Id.* at 12.

[3] Dkt. 6 (Order Referring Case).

[4] Dkt. 8 (Order Granting IFP and Recommendation) at 1–2.

is frivolous and fails to state a claim upon which relief may be granted.[5]  But while she

recommends dismissing the Complaint without prejudice, Judge Romero also appears to

recommend Fassett not be allowed to amend the Complaint, as amendment would clearly be

futile.[6]  Specifically, she found that Fassett's Complaint contains only "baseless assertions of

conspiracy and is a collection of factual allegations that are fanciful, fantastic and delusional."[7]

> In her Order, Judge Romero further stated:

> Within fourteen (14) days of being served with a copy, any party may serve and
> file written objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to
> object may constitute a waiver of objections upon subsequent review.[8]

Over a month later, neither party has objected to the Report and Recommendation.[9]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections

to the proposed findings and recommendations" within fourteen days after being served with a

copy of the recommended disposition.  When, as here, no objections are filed, the Supreme Court

has suggested no further review by the district court is required, but nor is it precluded.[10]  And

under the Tenth Circuit's "firm waiver" rule, where, as here, there is no timely and specific

---

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] Fassett has filed two motions since the Report and Recommendation issued: 1) a Motion for Appointment of Counsel (Dkt. 9); and 2) a difficult-to-understand "Motion to/for Office of President Assistance, Office of Prophecy as a Prophets Seer [sic]" (Dkt. 10).  Judge Romero has denied both Motions in a combined Order.  (Dkt. 11.)  The undersigned does not construe either motion as an objection to the Report and Recommendation, where neither motion mentions the Report and Recommendation, alludes to any error in Judge Romero's reasoning, or expressly seeks leave to amend the original Complaint.  To the extent, however, the Motion to/for Office of President Assistance could be construed as an objection, or a motion to amend the original Complaint—perhaps solely on the basis that both that motion and the Complaint appear to refer to religious topics—the objection would be overruled and the motion fail.  As noted, the motion fails as an objection for taking no issue with Judge Romero's reasoning set forth in her Report and Recommendation.  And it would further fail as a motion for leave to amend where the new allegations fail to state any claim for precisely the same reasons Judge Romero found the initial Complaint to be infirm.

[10] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

objection, appellate review of both factual and legal questions has been waived.[11]   Although the

court may choose not to apply the firm waiver rule "when the interests of justice so dictate,"

there is no discernable reason in the record for such a course.[12]   In her Order, Judge Romero

warned the parties of the consequences of a failure to lodge a timely objection.  And while

Fassett has filed other motions following service of the Order including the Report and

Recommendation, he has chosen not to file a specific objection.[13]

     Moreover, after reviewing the briefing and relevant legal authorities, the court concludes

that Judge Romero did not clearly err in finding Fassett's Complaint fails to state a claim upon

which relief may be granted, and that amendment would be futile.  The court therefore ADOPTS

her Recommendation that Fassett's claims fail and should be dismissed.  This court recognizes

some tension in Judge Romero's conclusions that Fassett's claims cannot be saved by

amendment but that the claims should be dismissed without prejudice.  Had the undersigned

reviewed the Complaint under 28 U.S.C. § 1915 in the first instance, the court would have

dismissed the claims with prejudice on the basis that amendment would be futile.  Nevertheless,

because Fassett lacked notice based on Judge Romero's Report and Recommendation that

dismissal with prejudice was possible at this point, the court will follow Judge Romero's

recommendation and dismiss the claims without prejudice.  Should Fassett wish to do so, he may

file an Amended Complaint no later than Friday, August 27, 2021.  If an Amended Complaint is

filed, it will be subject to review under the same *in forma pauperis* standard Judge Romero

---

[11] *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[12] *Moore,* 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object).

[13] *See* Dkts. 9 and 10.

employed in her Report and Recommendation.  If an Amended Complaint is not received by the

aforementioned date, the court will order that the case be closed.

     The Clerk of Court is directed to close the case.

     **SO ORDERED** this 9th day of August 2021.

                    BY THE COURT:

                    _____

                    ROBERT J. SHELBY
                    United State Chief District Judge